**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Beatrice Jernigan, | No. CV-21-00488-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

This is a Social Security appeal. On April 7, 2021, the Court referred the matter to Magistrate Judge Burns for the preparation of a report and recommendation ("R&R") as to the final disposition. (Doc. 11.) On February 10, 2022, Judge Burns issued an R&R concluding the ALJ's decision should be affirmed. (Doc. 25.) Now pending before the Court are Plaintiff's objections to the R&R. (Doc. 26.) For the following reasons, Plaintiff's objections are overruled, the R&R is adopted, and the ALJ's decision is affirmed.

**DISCUSSION**

I.  Legal Standard

Under 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a dispositive matter. *Id.*

"Within fourteen days after being served with a copy [of the R&R], any party may serve and file written objections . . . as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(2)-(3) (same).

District courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").

II.   Analysis

The sole challenge raised in Plaintiff's opening brief is that the ALJ failed to "provide legally sufficient reasons for rejecting the findings of nonexamining State-agency psychologists Dr. Gross and Dr. Goldberg that [Plaintiff] could remember and carry out one- and two-step instructions." (Doc. 20 at 1.)

The R&R recommends this challenge be rejected. (Doc. 25.) After correctly noting that Plaintiff's challenge is governed by the new regulations promulgated by the Social Security Administration ("SSA") in 2017, which focus on the supportability and consistency of medical opinions, the R&R concludes the ALJ did not commit reversible error because "[t]he ALJ addressed [the opinions'] lack of supportability and lack of consistency with the record as a whole, and in doing cited specific references in the record,"

and because "[t]he ALJ's opinion is supported by substantial evidence." (*Id.* at 3-7.) Although the R&R acknowledges it might be possible to construe some of the evidence proffered by Plaintiff as supportive of her position, the R&R concludes the ALJ's contrary interpretation of this evidence was rational and thus entitled to deference. (*Id.*)

In her objections, Plaintiff contends the R&R is marred by three "implicit recommendation[s]" that are erroneous. (Doc. 26 at 3 ["The Court should reject the Magistrate Judge's implicit recommendation to hold that the ALJ did not erroneously rely on her average intelligence."]; *id.* at 5-6 ["The Court Should Reject the Magistrate Judge's Implicit Recommendation to Reject Ms. Jernigan's Argument That the ALJ Did Not Understand the Meaning of 'Mild' as 'Borderline.'"]; *id.* at 6 ["The Court Should Reject the Magistrate Judge's Implicit Recommendation to Affirm the ALJ's Rationale Notwithstanding the ALJ's Misstatement of Dr. Spezzacatena's Examination."].) Plaintiff also contends the R&R did not apply "the correct standard of review" when evaluating her claim that the "the ALJ erroneously failed to account for Dr. Spezzacatena's objective memory testing." (*Id.* at 4-5.)

The Court has considered Plaintiff's objections and finds them to be meritless. Instead, the Court adopts the carefully reasoned and detailed R&R in full.

Accordingly,

**IT IS ORDERED** that:

(1) Plaintiff's objections to the R&R (Doc. 26) are **overruled**.

(2) The R&R (Doc. 25) is **adopted**.

(3) The July 29, 2020 decision of the ALJ is **affirmed**.

(4) The Clerk shall enter judgment accordingly and terminate this action.

Dated this 16th day of March, 2022.

Dominic W. Lanza
United States District Judge